FILED

Ahadi Abu-Al Muhammad (aka O. Serrano)
14126 Cordary Avenue
Hawthorne CA. 90250

2015 MAR 19 PM 12:41

Bismillah

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AHADI ABU-AL MUHAMMAD, ) Case No.: CV13-208 AB (PLA)
(aka Onofre Serrano) )
    Plaintiff, ) SECOND AMENDED COMPLAINT
) JURY TRIAL DEMAND
  vs. )
CITY OF LONG BEACH, ERIK D. )
HERZOG, TIMOTHY L. EVERTS, ABEL )
MORALES, SCOTT D. LASCH, TOBY R. )
BENSKIN, AND DOES 1 through 10, )
inclusively, )

    Defendant(s)

## JURISDICTION

1. This action is brought, inter alia, pursuant to 42 U.S.C. Sections 1983, 1985(3), 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4).

## VENUE

2. Venue is appropriate in this court under Title 28 U.S.C. $ 1391, because a substantial part of the events giving rise to plaintiff's claims occurred within the Central District of California.

## PARTIES

3. Plaintiff is a natural born citizen of the United States of America and resident of the State of California. Plaintiff is a citizen of al-Adn. Plaintiff frequented in an automobile operated by plaintiff. Plaintiff appears to be a Moor (e.g., African

ancestry); a descendant of the chattel slaves; and, a Jim Crow survivor. Plaintiff is a legal consultant and a activist on behalf of human and civil rights of African-Americans.

4. The defendant City of Long Beach ("LBC") is a municipality, duly incorporated under the laws of the State of California.

5. Defendant, Erik D. Herzog was at all times mentioned herein the duly appointed and acting sergeant in charge of the homicide division of the Long Beach Police Department ("LBPD") and at times herein was acting in such capacity as the agent, servant, and employee of LBC. He is sued individually.

6. Defendant, Timothy L. Everts was at all times mentioned herein, until on or about July 2, 2012, a duly appointed and acting police officer of the police department of the LBC, assigned to Career Criminal Apprehension Team ("CCAT"). He is sued individually in his capacity as a LBPD officer.

7. Defendant Abel Morales was at all times mentioned herein, until on or about July 2, 2012, a duly appointed and acting police officer of the LBPD assigned to CCAT. He is sued individually in his capacity as a LBPD officer.

8. Defendant Scott D. Lasch, was at all times mentioned herein a duly appointed and acting police officer of the LBPD, assigned to homicide division, and at times herein was acting in such a capacity as the agent, servant, and employee of the LBC. He is sued individually in his capacity as a LBPD officer.

9. Defendant, Toby R. Benskin was at all times mentioned herein until on or about July 2, 2012, a duly appointed and acting police officer of the LBPD, assigned to Vice. He is sued individually in his capacity as a LBPD officer.

10. The true names and capacities of John/Jane DOES one through ten are presently unknown to the plaintiff. Plaintiff is informed and believes, and based upon such belief alleges, that each of said John/Jane DOES, separately and in concert, acted under the color of law, and is responsible for the damages suffered by the plaintiff. Plaintiff hereby reserve the right to amend this complaint to include the true

names and capacities of the John\Jane DOES as soon as such information becomes known to the plaintiff.

## FACTS

11. On May 25, 2012, D. Davis filed a missing person report with the LBPD.
12. The LBPD homicide department along with other departments was assigned to investigate the missing person report and a investigation commenced.
13. As a result of the investigation officer(s) learned the details of that crime report.
14. On or about May 26, 2012, D. Davis was arrested for felony child endangerment.
15. In order to help solve the missing person report, LBPD detectives released to the public, certain significant details.
16. On May 26, 2012, LBPD recovered the purported missing person(s).
17. On or about May 25, 2012, plaintiff was frequenting the LBC. Plaintiff was driving a automobile. As plaintiff attempted to travel he noticed several police officers. The police made visual contact with the plaintiff as plaintiff was attempting to leave the parking lot.  Plaintiff's vehicle was stopped for no apparent reason.
18. Officers T. Everts and A. Morales, approached plaintiff in his vehicle. Officers without any warrant or probable cause, ordered plaintiff to get out of his car and submit to a search of his person in which he did not consent. Officer(s) T. Everts and A. Morales questioned plaintiff insinuating some sort of criminal activity and involvement of plaintiff based upon plaintiff's appearance of that of a African-American. Plaintiff felt insulted and humiliated at this point but remained calm. Officer(s) questioned plaintiff regarding gang membership. Plaintiff was upset and offended concerning insinuations and line of questioning that due to Plaintiff's appearing to be African-American he must be engaged in crime. A search was conducted in a violent and abusive manner, during the course of which officers cuffed and abused plaintiff with the intent of humiliating and embarrassing plaintiff in the presence of the public generally, and particularly the people present at the scene.

19. Officer Everts then questioned plaintiff regarding whether he was on probation or parole placing plaintiff in handcuffs. Officer(s) Evert and Morales removed everything from plaintiff's pants pockets. Officer(s) Everts and Morales never asked for plaintiff's license or any other form of identification.

20. Officer Morales with the keys removed from plaintiff's pants pocket and without plaintiff's consent went to plaintiff's motel room with Officer Lasch and opened the door and conducted a search.

21. After searching plaintiff's person and motel room as described above, which search did not reveal any incriminatory or dangerous article, officer(s) required plaintiff to abandon his vehicle and accompany them to the LBC jail, where, at the direction of Sergeant Herzog plaintiff was unlawfully detained, all without a warrant, probable cause, or any lawful cause whatever.

22. On May 25, 2012, Plaintiff was detained allegedly for kidnapping and compelled to submit to fingerprinting and photographing of his person by personnel in the employ of the police department of the LBC. However, no criminal charges were ever preferred against plaintiff for kidnapping to which plaintiff was subjected as set forth in this complaint.

23. Upon information and belief, defendants stopped, detained, and interrogated plaintiff and illegally searched plaintiff's vehicle solely on the basis of plaintiff's race. Upon information and belief, the complaint of stop, detention, and search was the result of racial profiling practiced by defendants.

COUNT I
AS AND FOR FIRST CAUSE OF ACTION AGAINST THE
INDIVIDUAL DEFENDANTS FOR UNLAWFUL STOP,
DETENTION, SEARCH AND SEIZURE OF PLAINTIFF

24. Plaintiff repeats and alleges paragraphs 1-8, and 11-23.

25. Plaintiff was seized in his motor vehicle in a felony stop by Det. T. Everts and A. Morales and arrested without cause by Sgt. E. Herzog.

26. There was no basis whatsoever for plaintiff's arrest for kidnapping.

27. Defendant's action constituted a violation of plaintiff's Fourth Amendment rights pursuant to the United States Constitution and/or 42 U.S.C. $ 1983.

28. As a direct result of defendants' actions plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his personal property.

## COUNT II
## AS AND FOR SECOND CAUSE OF ACTION AGAINST POLICE OFFICERS FOR DENIAL OF THE EQUAL PROTECTION CLAUSE

29. Plaintiff repeats and alleges paragraphs 1-8 and 11-23.

30. Defendants made remarks concerning plaintiff's race and a relation to a stereotype indicating plaintiff as "having no rights" in the context of Jim Crow. Defendant(s) E. Herzog, T. Everts, A. Morales, T. Benskin, and S. Lasch are all non-African-American and/or White, while Plaintiff appears of African ancestry.

31. Defendants' actions constituted a violation of plaintiff's Fourteenth Amendment rights under 42 U.S.C. $ 1983.

32. As a direct result of defendants' acts or omissions, plaintiff was subjected to emotional injury, body searching, confinement, and deprived of his liberty, freedom and personal property.

## COUNT III
## AS AND FOR THIRD CAUSE OF ACTION AGAINST POLICE OFFICERS FOR DENIAL OF PROMPT JUDICIAL DETERMINATION OF PROBABLE CAUSE WITHIN FORTY-EIGHT (48) HOURS

33. Plaintiff repeats and alleges paragraphs 1 through 23.

34. Plaintiff was arrested for kidnapping without probable cause. Defendant(s) were not engaged in **any** necessary administrative functions related to the alleged kidnapping offense during the time period he was in detention.

35. Plaintiff was in illegal detention and the delay was based solely on defendants E. Herzog, T. Everts, A. Morales and T. Benskin efforts to investigate plaintiff for additional crimes, including searching records which falsely indicated parole jurisdiction, used to justify the initial illegal arrest.

36. On or between May 25, 2012, and June 31, 2012, and during all the time intervening between said 25th day of May, 2012, and 31st day of June, 2012, there was in Santa Clara County Superior Court or Los Angeles County Superior Court a magistrate for the purpose of conducting prompt probable cause hearings for persons arrested without an arrest warrant as mandated by law, competent, willing, able, and ready to have taken before him or her this plaintiff and to have him or her probable cause declaration stating the charge against this plaintiff, and during all of the said time such magistrate was accessible and convenient, and this plaintiff was, during all of said time, physically and mentally in a condition to be brought before such magistrate if his presence was required.

37. Officer(s) E. Herzog and/or T. Everts and A. Morales did not as a police officer, or at all, take plaintiff before any magistrate in the county in which he was so detained this plaintiff, or elsewhere, or at all, until July 1, 2012, nor did said officers, as such police officers, or at all, lay any information, stating the charge against this plaintiff, or any information against him at all, before said or any magistrate until July 1, 2012, nor was any information at all laid against him until said July 1, 2012, nor was a probable cause declaration at all laid against him at all, before said or any magistrate for a prompt probable cause determination; and in this behalf the delay in so taking him before a magistrate and in so laying an information against him was unnecessary.

38. No criminal charges were ever preferred against plaintiff for kidnapping to which plaintiff was subjected as set forth in this complaint, and although plaintiff demanded to be brought before a committing magistrate and notified of the criminal charges of which he was being held, and allowed to post bail, his demands were

ignored by officer(s). During this time of plaintiff's incarceration as set forth in complaint, he was never taken before a magistrate for kidnapping to effect his release from confinement.

39. Officer(s) T. Everts and A. Morales upon the orders of E. Herzog ransacked plaintiff's vehicle while plaintiff was being illegally detained in the jail apparently searching for some sort of contraband.

40. Officer(s) T. Everts and A. Morales opened all the bags and all the compartments within the vehicle which the canine went through purportedly discovering a firearm.

41. Officer(s) T. Everts searched, viewed and read plaintiff's personal papers and effects, including legal documents and video, viewing plaintiff's laptop, cell phones, digital video recorder, digital camera, etc. Furthermore, officer(s) invaded plaintiff's privacy in searching "work product."

42. Officer(s) E. Herzog, T. Everts and A. Morales possessed no search or arrest warrant at the time plaintiff's vehicle was stopped and/or searched. Neither did officer(s) have probable cause to arrest and interrogate plaintiff or search plaintiff's vehicle.

43. Defendant's actions constituted a violation of plaintiff's Fourth Amendment rights under 42 U.S.C. $ 1983.

44. As a direct result of defendants' actions plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his personal property.

## COUNT IV
### AS AND FOR FOURTH CAUSE OF ACTION AGAINST POLICE OFFICERS FOR CONSPIRACY WITH RACE BASED DISCRIMINATORY ANIMUS

45. Plaintiff repeats and alleges paragraphs 1-23, and 32-38.

46. Defendants, E. Herzog, T. Everts, A. Morales, S. Lasch, and T. Benskin acting under a belief that Plaintiff was a Civil Rights activists for African-Americans, wilfully and maliciously conspired, planned, and agreed to block the passage of plaintiffs in said automobile, to stop and detain him and to assault, and injure him.

Their purpose was to prevent said plaintiff and other African-Americans, through such force, violence and intimidation, from seeking the equal protection of the laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of the United States and the State of California, including but not limited to the rights to freedom of speech, movement, association and assembly; the right to bear arms; the right to petition the government for redress of their grievances; their rights to be secure in their persons, papers and their homes; and their rights not to be enslaved nor deprived of life and liberty other than by due process of law.

47. Pursuant to their conspiracy on or about May 28, 2012, or May 29, 2012, LBPD, Det. T. Everts and A. Morales placed a parole hold upon the plaintiff for possession of a weapon.

48. Pursuant to their conspiracy on May 29, 2012, parole agent(s) S. Adkins and J. Hall placed or maintained a parole hold upon the plaintiff when in fact plaintiff was no longer on parole. Plaintiff was discharged from parole on June 19, 2011, by operation of law. Plaintiff was held in custody for 36-days without bail from May 29, 2012, until July 2, 2012.

49. Pursuant to their conspiracy on or about June 5, 2012, parole agent P. Hill maintained the parole hold and submitted a Charge sheet (CDC 1676) to revoke parole for **weapons** charge <u>**only**</u> **and not for kidnapping.**

50. Pursuant to their conspiracy on or about June 6, 2012, parole agent L. Abma retained the parole hold and referred plaintiff's case to screening calendar.

51. Pursuant to their conspiracy on or about June 13, 2012, Deputy Commissioner N. Lam made a probable cause finding to retain plaintiff on a parole without personal jurisdiction.

52. Pursuant to their conspiracy E. Herzog, T. Everts, A. Morales, T. Benskin, and S. Lasch, falsely imprisoned plaintiff. Plaintiff was held a prisoner in the Los Angeles County Jail from July 2, 2012, until Feb. 25, 2013.

53. As a direct and foreseeable result of said acts and omissions of the officer(s), the plaintiff was illegally held in custody in the Los Angeles County Jail, continuously, until Feb. 25, 2013.

54. As a direct and proximate result of said acts and omissions of the officer(s), plaintiff was disabled from bringing suit against the defendants for the acts and omissions, of which complaint is herein made, until plaintiff was released from custody on Feb. 25, 2013.

55. Pursuant to their conspiracy the officer(s) E. Herzog, T. Everts, A. Morales, A. Adkins and J. Hall, conspired and agreed to falsely imprison plaintiff. In the furtherance of that conspiracy, the defendants did the following overt act:

## OVERT ACT 1

**Defendants E. Herzog, T. Everts, S. Adkins, and J.Hall after knowing or should of knowing and/or being satisfied that a kidnapping did not occur and/or of no parole jurisdiction officer(s) and agent(s) refused to release the plaintiff from custody.** As a direct and proximate result of the aforesaid acts and omissions of the defendants, and each of them, by their conspiracy and acts pursuant thereto, the defendants have willfully and maliciously, directly and indirectly, intimidated and prevented the plaintiffs and other African-Americans from enjoying and exercising their rights, privileges and immunities as citizens of the United States and the State of California, including but not limited to, their rights to freedom of speech, movement, association and assembly; the right to petition their government for redress of grievances; their right to be secure in their person; the right to bear arms; their right not to be enslaved nor deprived of life, liberty or property other than by due process of law, and their rights to travel without restraint in the same terms as white citizens in Los Angeles County, Long

Beach plaintiff pursuant to the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. Section(s) 1985(3), 1986.

56. As a direct result of defendants' actions plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his personal property.

## RELIEF

WHEREFORE, plaintiff requests that the court grant the following relief:

57. Declare the rights of the plaintiff;

58. Award compensatory damages;

59. Award punitive damages;

60. Defendants, and DOES 1 through 10, and each of them, plaintiff's civil rights have been violated. Because of the conduct described above, plaintiff has suffered, and continues to suffer, extreme and severe mental anguish as well as mental and physical pain and injury.

61. Defendants, Sgt. Herzog in charge of the homicide team, among others, Evert, Morales, Lasch, Benskin, and DOES 1 through 10, and each of them, are directly liable and responsible for the acts of defendants because they repeatedly and knowingly failed to enforce the Constitution of the United States pertaining to the law regarding liberty.

62. As legal result of the conduct of each of the named defendants and DOES 1 through 10, and each of them, plaintiff was required to employ and did, in fact, employ physicians, psychiatrists, and psychologists to examine, treat, and care for plaintiff. Consequently, plaintiff has incurred, and continues to incur, medical expenses for treatment and other incidental medical expenses, each in an amount to be determined according to proof at trial.

63. Plaintiff is entitled to and demands costs, attorney's fees, and expenses in an amount to be determined according to proof at trial pursuant to 42 U.S.C. $ 1988 and 28 U.S.C. $ 2412.

64. The above-described acts of each of the named defendants and DOES 1 through 10, and each of them, were carried out with conscious disregard for the rights and safety of plaintiff, thereby justifying the awarding of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial. The defendants stopped, detained and falsely imprisoned plaintiff in part because of race and activism on account of race. After defendants knew that plaintiff had committed no wrongdoing and was free to leave, defendants maliciously and without cause falsely imprisoned him intended to cause extreme emotional and physical injury and damage. These actions justify the awarding of exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial.

Dated: Jumada Al-Awwal 28, 1436
March 19, 2015

Ahadi Abu-Al Muhammad