**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ONOFRE SERRANO, | No. CV 13-208-AB (PLA) |
| Plaintiff, | **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| CITY OF LONG BEACH, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On January 5, 2016, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this action be dismissed with prejudice for failure to state a claim. On February 16, 2016, following an extension of time, plaintiff filed Objections to the R&R.

**II.**

**DISCUSSION**

Plaintiff objects, in part, to the Court's finding that the allegations are insufficient to state a claim against defendant Sergeant Herzog because "Herzog made racially tinged remarks," and

had "knowledge of the culpable actions of his subordinates." (Objs. at 6). The only remarks that plaintiff alleges Herzog made are the comments that plaintiff had "no rights" and that the officers would "be around [plaintiff's] neck like a rope" after plaintiff's arrest. (Objs. at 5, 18). As stated in the R&R, these comments, which apparently were made during the course of an interrogation, do not raise a reasonable inference that Herzog acted with an intent or purpose to discriminate against plaintiff based on his race. Although plaintiff states that he erred in not alleging that Herzog "personally and/or acquiesce[d] in detaining" plaintiff as well as with the initial arrest, search of plaintiff's motel room, and seizure of plaintiff's vehicle (Objs. at 6, 17-18), such entirely conclusory allegations, unsupported by any facts, are not entitled to a presumption of truth. Further, plaintiff's proposed additional allegation that Sergeant Herzog failed to train and or supervise the other defendants (Objs. at 7-8) remains insufficient because plaintiff's claims arise from a single arrest and detention. Factual allegations arising from one isolated incident are insufficient to raise an inference either that inadequate training caused the alleged constitutional violation of which plaintiff complains, or that any supervisory defendant was deliberately indifferent to a lack of training. See Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory).

In addition, plaintiff's proposed allegation that Sergeant Herzog was a "municipal policy maker" for the City of Long Beach (Objs. at 8, 10) remain insufficient for the reasons set forth in the R&R finding his allegations are insufficient to state a claim against the City. Plaintiff directs the Court to consider "historical background" and states that the City "had a practice of racially profiling people of color," but plaintiff points to no facts supporting this conclusory allegation. (Objs. at 11-13). Plaintiff's citation of a case concerning an incident in 1997 does not raise any reasonable inference concerning plaintiff's arrest in 2012.

/
/
/
/

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation, and plaintiff's objections to the report and recommendation. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted;

2. Plaintiff's federal civil rights claims are dismissed without leave to amend;

3. Plaintiff's state law claims are dismissed without leave to amend, but without prejudice to plaintiff raising his claims in state court;

4. Judgment shall be entered dismissing this action with prejudice for failure to state a claim; and

5. The clerk shall serve this Order on all counsel or parties of record.

DATED: May 3, 2016

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE